Cuma, per
Nott, J.
The will in this case must be so construed as will best effectuate the intention of the testator, if in so doing we do not violate any established rule of law. The plain and manifest intention of the testator appears to have been to allow his daughter one half of the proceeds of his whole estate for her own use, behoof and benefit, and that of her family, during her life. He does, to be sure, point out the manner in which the money is to be raised. It is by the dividends of stock, to be purchased with the proceeds of the sale of his estate. Suppose the estate had never been sold, must the complainant have lost her legacy 1 Suppose it to have been sold and the. money loaned out upon interest instead of being vested in stock, would she hot be entitled to a dividend of that interest, or what would amount to tire same thing, interest upon the legacy 1 I entertain no doubt of it. And that, indeed, is the very 9ase under consideration. The estate has been sold, and *98 instead of calling it in and vesting it in stock, it is suffered to remain out upon interest. It certainly must have been the intention of the testator, that she should receive her portion of the estate as soon as it became productive. Equity requires that it should be so, and it is not opposed to any rule of law. The time when in- ' terest shall be allowed upon a legacy does not depend upon the time when it is received, but when in contemplation of law it may be received. Therefore, in England, it seems to be settled as a general rule, that a legacy shall carry interest after a year from the death of the testator, even though it appears that it could not by .any diligence be collected within that time, because in contemplation of law it might have been done. The case of Wood v. Penorye, 13 Ves. 325, is very analogous to the case now under consideration. The testator had given several legacies to be paid out of money due on an Irish mortgage, when' the same should be recovered, upon trust, to place out the said sum in government or other good securities, and pay the interest or dividend to the testator’s niece for life, for her separate use, &c. At the time of the testator’s death, the money due on the mortgage was still outstanding, and therefore could not be placed out upon government securities according to the directions of the will; yet the Court allowed interest upon the legacy from the death of the testator. The abstract question, whether the complainants shall receive a dividend of the interest accruing on the bonds is the only question submitted to us. The time when it shall commence is not involved in the case. And I have no doubt but that it ought to be allowed. If the. estate had been sold upon a long credit without interest, and the bill .had been brought for interest on the legacy before the payment became due, it might,- 'as was observed by the counsel, have presented a grave question for the consideration of the Court. But as the bonds are a produc- *99 live fund in the hands of the executors, there can be no reason why the complainants should not have the benefit of it. The circumstance that the legacy was intended as a provision for the wife and children is a reason why the interest should be allowed upon it. If a legacy be given out of land it shall carry interest from the death of the testator, because the land yields a profit. So, if a legacy be payable out of personal estate consisting of mortgages carrying interest, and no time be mentioned for payment. 2 P. Wms, 26, 27. The Chancellor says in his decree, “ it is, impossible to read the will without seeing that the grand children are the peculiar objects of testator’s bounty.” But I do not discover, from the will, that his daughter is less so than her children. And unless it were so clearly expressed, we cannot suppose that his affection for his child was less than that for his grand children. But even if it were more manifest that his grand children were' the principal objects of his bounty, I should, not suppose that he would be less anxious about their present comfort than their future welfare. It is unnatural to suppose that it was his wish to cramp his daughter and her children in their means of support during her life, for the purpose of accumulating a fund for them after her death. I am of opinion, therefore, that the decree of the Chancellor ought to be reversed and the report of the Commissioner be confirmed.
The time when interest shall be allowed upon a legacy does not depend on the time when it. is received, but when in law it may be received.
General rule that a legacy carries interest from one year after testator’s death, though it appear that it . could not by any diligence be collected in that time. English rule.
When the interest commenced not involved in this case.
Bonds be-ingproductive interest on them allowed legatee, being intended as a provision for maintenance.
When interest allowed on legacies ,out of land, or mortgages bearing interest.

Decree reversed.